UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JOSEPH E. BUCK, JR.
N7327 Winnebago Drive, Apt. 8
Fond du Lac, WI 54935

      Plaintiff,

      v.                                          Case No: 16-CV-1013

MERCURY MARINE, a division of
BRUNSWICK CORPORATION,
W6250 Pioneer Road
P.O. Box 1939
Fond du Lac, WI 54936

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Joseph E. Buck, Jr., by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. §12101 *et seq.;* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2.    The unlawful employment practices giving rise to the Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28

U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Joseph E. Buck, Jr., is an adult male resident of the State of Wisconsin, residing at N7327 Winnebago Drive, Apt. 8, Fond du Lac, WI 54935.

4. Defendant, Mercury Marine, a division of Brunswick Corporation, was, at all times material herein, a foreign corporation with a principal address of 1 North Field Court, Lake Forest, IL 60045, doing substantial business in the State of Wisconsin in interstate commerce at W6250 Pioneer Road, Fond du Lac, Wisconsin 54936.

## THE FACTS

5. Plaintiff began working for Defendant at its Fond du Lac, Wisconsin location on or about September 24, 2012 as a machinist.

6. At all times material herein, Plaintiff performed his work duties in accordance with the reasonable expectations of the Defendant.

7. At all times material herein, Defendant was a covered employer for purposes of the ADAAA and the FMLA.

8. Plaintiff suffers from the disability of back problems and related insomnia.

9. Defendant knew or should have known of Plaintiff's disability, in part because he missed two days of work covered by a doctor's excuse for his disability.

10. On or about May 28, 2014, Plaintiff missed work due to insomnia, for which he provided a doctor's excuse initially dated May 29, 2014, when he returned to work the following day.

11. Plaintiff's supervisor, Troy Schwartz, told Plaintiff to have his doctor's note backdated to May 28, 2014.

12. Defendant initially accepted the medical excuse, but then rejected it one week later.

13. On or about June 3, 2014, Defendant gave Plaintiff an absenteeism warning relating to his May 28, 2014 absence covered by his doctor's excuse.

14. Plaintiff was absent from work from July 15-17, 2014 for medical reasons.

15. Instead of recording the July 15-17 absence as one event, Defendant incorrectly charged Plaintiff with three separate occurrences relating to the same time off.

16. On or about August 20, 2014, Plaintiff suffered a back injury while at work, and missed work due to the injury.

17. Plaintiff was prescribed 5 days of bed rest after the injury and was not allowed to return to work.

18. On approximately August 20, 21, and 22, 2014, Defendant made numerous calls to Plaintiff's doctor in attempts to convince him to allow Plaintiff to return to work, despite the doctor's excuse he had already provided to Defendant.

19. On or about August 22, 2014, Plaintiff delivered the doctor's excuse to Defendant, who pressured Plaintiff to return to work in derogation of the doctor's excuse.

20. Defendant made numerous calls to Plaintiff's doctor to convince him to put Plaintiff on light duty so he could return to work.

21. On or about August 25, 2014, in compliance with Defendant's coercion, Plaintiff's doctor put him on light duty.

22. On or about August 25, 2014, upon returning to work on light duty, Plaintiff was terminated.

23. Defendant told Plaintiff he was terminated because of excessive absenteeism.

24. Defendant refused to engage in any interactive process to determine whether it could

3

reasonably accommodate Plaintiff's medical restrictions relating to his disabilities.

25. Defendant never notified Plaintiff that he could take FMLA leave for his own serious health condition absences or offered him FMLA leave.

26. On April 30, 2015, Plaintiff filed an employment discrimination complaint against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") as EEOC Case No. 26G201500767.

27. The EEOC issued Plaintiff a Notice of Right to Sue for this case on May 2, 2016, which he received on May 4, 2016.

28. Plaintiff has exhausted all of his administrative remedies and has satisfied all conditions precedent to bringing this action.

**FIRST CLAIM FOR RELIEF — ADAAA DISCRIMINATION**

29. Plaintiff realleges and incorporates paragraphs 1-28 of this complaint by reference.

30. Defendant discriminated against Plaintiff based on disability in the terms and conditions of his employment, in intentional and/or reckless disregard of his federally protected rights under the ADAAA, 42 U.S.C. §12101 *et seq.*

31. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, physical pain and suffering, and emotional distress.

**SECOND CLAIM FOR RELIEF – FMLA INTERFERENCE**

32. Plaintiff realleges and incorporates paragraphs 1-31 of this complaint by reference.

33. Defendant unlawfully interfered with Plaintiff's FMLA rights in intentional and/or

reckless disregard of his federally protected rights under the Family and Medical Leave Act of 1993, 29 U.S.C. §825 *et seq.*

34. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, liquidated damages, and other damages that he will establish at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory and punitive damages, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements provided by 42 U.S.C. § 12117, 29 U.S.C. § 2617, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 2nd day of August, 2016.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins* .
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com