UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JOSEPH E. BUCK, JR.,                              Case No. 16-cv-1013-pp

               Plaintiff,

v.

MERCURY MARINE,

               Defendant.
_____

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS (DKT. NO. 28) AND PLAINTIFF'S AMENDED EMERGENCY MOTION FOR LEAVE TO FILE PLAINTIFF'S RESPONSES TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS UNDER RULE 6(b)(1)(B) (DKT. NO. 29)**
_____

On August 21, 2017, the defendant filed a motion for summary judgment, dkt. no. 18, accompanied by its statement of undisputed facts in support of the motion, dkt. no. 20. Civil L.R. 56(b)(2)(B) requires that a party opposing summary judgment must file, along with its opposition brief, responses to the moving party's proposed material facts; the deadline for filing those responses is the same as the deadline for filing the opposition brief. Here, the plaintiff timely filed his opposition brief, but did not file the required responses to the proposed findings of fact.

On October 4, 2017, the plaintiff filed a motion captioned "Plaintiff's Emergency Motion for Leave to File Plaintiff's Response to Defendant's Statement of Undisputed Facts." Dkt. No. 28. On the same day, the plaintiff

filed his tardy responses to the defendant's proposed findings of material fact. Dkt. No. 27.

The court assumes that the plaintiff put the word "emergency" in the caption of the motion because counsel, realizing that he had inadvertently missed a deadline, wanted to get the request for leave to file in front of the court as soon as possible. The court has a procedure for getting a motion to the court's attention quickly: the Civil L.R. 7(h) expedited, non-dispositive motion procedure. That rule says that if a party wants to use the expedited, non-dispositive motion procedure, one must put in the caption of the motion "Rule 7(h) Expedited, Non-Dispositive Motion to . . . ." Without that magic language, the court will follow the usual motion practice, and will hold a motion for twenty-one days to allow the opposing party to respond. Because the plaintiff did not use the Rule 7(h) language, the court held this motion to await a response.

A party also may draw a true "emergency" motion to the court's attention by calling chambers. If a party files a motion on Monday at 3:45, the court may not see that motion until some time on Tuesday, because of the way the Case Management/Electronic Case Filing software generates case reports. The court did not receive a call to chambers, which is another reason that it held this motion.

The next day (October 5, 2017), the court received an amendment to that "emergency" motion. Dkt. No. 29. In the amendment, the plaintiff cited case law, and indicated that he would not object to the court giving the defendant

additional time to reply to the responses. Id. That same day, the court received an amended declaration from the plaintiff's counsel. Dkt. No. 30.

Two weeks after the plaintiff filed the original emergency motion, the plaintiff filed a proposed order granting the motion. Dkt. No. 31. This did not spur the court to rule on the motion because, as indicated above, the court was giving the defendant the time required by the local rules to respond. That time expired on October 26, 2017.

Due to the press of the court's calendar, the court was not able to review these various pleadings immediately. Perhaps concerned that the court had not ruled on the motion, on November 13, 2017, counsel for the plaintiff filed an amended proposed order granting the motion for leave to file the response. Dkt. No. 32. This means that the court now has on the docket two "emergency" motions for leave to file, an amended declaration, a proposed order and an amended proposed order.

The court will grant the plaintiff's motions for leave to file his responses to the defendant's findings of fact. The court understands that sometimes things slip through the cracks. The court has written this order to suggest that in the future, if the plaintiff's counsel has another problem of this sort, he use the Rule 7(h) procedure (if he really, really needs the court to look at his motion sooner rather than later), or call chambers (if it is a true emergency—a motion

that, if the court doesn't rule on it in a few days, could negatively impact a party's legal rights).[1]

The court also will give the defendant time to supplement its reply in support of its proposed findings, should it choose to do so. The defendant filed its reply on October 4, 2017 at 4:46 p.m. (dkt. no. 26); the plaintiff filed his responses at 5:53 the same day (dkt. no. 27). It is possible that the defendant may wish an opportunity to directly address some of the plaintiff's responses. The court will give the defendant fourteen days to supplement its responses, if it chooses to do so.

Finally, with regard to scheduling: The court set a final pretrial conference for December 20, 2017 at 12:30 p.m. by telephone. The trial is scheduled for January 8, 2018 at 9:00 a.m. Given the additional time the court is giving the defendant, the court will not know whether briefing is completed on the summary judgment motion until December 11, 2017—about a week before the final pretrial conference. It is likely that the court will not be able to rule on the motion for summary judgment in time for the ruling to do the parties any good before the January 8, 2018 trial date. For the moment, the court will leave the dates on the calendar, but once the briefing period has concluded, the court may decide to convert the December 20, 2017 hearing into a status conference, and to remove the January 8, 2018 trial date.

---

[1] The court also notes that the plaintiff's counsel filed his expert witness disclosures with the court, on the docket. Parties should serve discovery on each other, not file it with the court.

The court **GRANTS** the plaintiff's emergency motion for leave to file plaintiff's responses to defendant's statement of undisputed facts. Dkt. No. 28.

The court **GRANTS** the plaintiff's amended emergency motion for leave to file plaintiff's responses to defendant's statement of undisputed facts under Rule 6(b)(1)(B). Dkt. No. 29.

The court **ORDERS** that if the defendant wishes to supplement its reply in support of its proposed material facts, it must do so by the end of the day on **Monday, December 11, 2017.**

Dated in Milwaukee, Wisconsin this 27th day of November, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**